IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 1:11-cr-555 (LMB) |
| ) | 1:13-cv-323 (LMB) |
| JACOB ADLER, ) | |
| ) | |
| Movant. ) | |

MEMORANDUM OPINION

Jacob Adler ("Adler"), proceeding pro se, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), in which he does not claim that he is innocent or that his guilty plea was involuntary, but rather that his counsel was ineffective and that the law defining the length of his sentence is unconstitutional. Specifically, he argues in Grounds One and Four that defense counsel was ineffective for failing to discuss his possible defenses before his guilty plea and failing to explain the consequences of not filing a direct appeal after his sentencing. In Grounds Two and Three, Adler attacks the constitutionality of the mandatory minimum sentence associated with receipt of child pornography as well as the statute defining the penalty for that offense.

On May 10, 2013, the government filed a Response to Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Response"), accompanied by two detailed

affidavits submitted by defense counsel. As of June 5, 2013, Adler has not filed any reply. For the reasons discussed below, his § 2255 Motion will be dismissed in all respects.

## I. FACTUAL BACKGROUND

On December 5, 2011, Adler waived indictment and entered a guilty plea to a one-count criminal information charging him with attempted receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), under a written plea agreement. In the Fed. R. Crim. P. 11 plea colloquy, Adler, who was under an affirmation to tell the truth, admitted that he was 41 years old, had achieved a Master's degree, and had no problems reading, writing, understanding, or speaking English. Plea Tr. at 3. He conceded that he was guilty of the charged offense, and specifically that he had purchased access to at least 20 different child pornography websites and possessed CDs containing over 3,500 images of child pornography. Id. at 25-26. Adler was represented at all times by retained counsel Kristina W. Supler of the firm Friedman & Frey, LLC, and also by local counsel Pleasant S. Broadnax, III. He acknowledged discussing the plea agreement and the facts of the case with both of his attorneys and being fully satisfied with their advice. See id. at 10-11, 21.

As part of the plea agreement, the government agreed that if Adler qualified for a reduction to the offense level for

acceptance of responsibility, it would move for an additional one-level reduction. See Plea Agm't ¶ 5. On February 24, 2012, Adler was sentenced to a variant sentence of 60 months incarceration,[1] followed by ten years of supervised release, and required to pay a fine of $12,500 in addition to a $100 special assessment. See Dkt. No. 25. No appeal was filed. Adler timely filed his § 2255 Motion on March 8, 2013.

## II. STANDARD OF REVIEW

A motion under 28 U.S.C. § 2255 allows a collateral attack on a conviction or sentence imposed in violation of the United States Constitution or laws, where the court lacked jurisdiction to impose the sentence, where the sentence was in excess of the maximum authorized, or where the sentence or conviction is otherwise subject to collateral attack. To prevail, the movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967). Relief under § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio,

---

[1] The United States Probation Office calculated Adler's criminal history at a level I and his offense level at a level 28. The resulting guideline range was 78 to 97 months imprisonment; however, the Court imposed a variant sentence of 60 months, which was the mandatory minimum. See Plea Tr. at 2-3, 7.

3

442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

A motion pursuant to § 2255 "may not do service for an appeal," and claims that were not appealed are generally deemed waived and therefore, procedurally defaulted unless the movant can show cause and actual prejudice. United States v. Frady, 456 U.S. 152, 165-67 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994) (applying standard to unappealed guilty pleas). An exception applies when a defendant brings a claim of constitutionally ineffective assistance of counsel, which can be raised in a collateral challenge. See United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998).

### III. DISCUSSION

In Ground Two, Adler argues that the 60-month mandatory minimum for the offense of receipt of child pornography violates due process because Congress is constitutionally prohibited "from ascribing non[-]individual punishment." § 2255 Mot. at 6. In Ground Three, Adler challenges the constitutionality of the statute criminalizing receipt of child pornography on the basis that it is "inherently multiplicitous as well as duplicitous" in that it creates harsher penalties for receipt of child pornography than possession of child pornography, which he contends constitute the same offense. Id. at 8.

Both of these claims are procedurally defaulted because of

4

Adler's failure to file a direct appeal. Habeas review is therefore inappropriate absent a showing of cause and prejudice, which Adler fails to demonstrate. See Frady, 456 U.S. at 167.

Even if they were not procedurally defaulted, Adler's arguments would also fail because they are totally unsupported by the applicable law. The U.S. Supreme Court has squarely rejected his constitutional challenge to mandatory minimum sentences in Chapman v. United States, 500 U.S. 453, 467 (1991), and his complaint that the penalty for receipt of child pornography is unconstitutionally harsher than that for possession of child pornography is similarly meritless. See, e.g., United States v. Dudeck, 657 F.3d 424, 429-30 (6th Cir. 2011) (observing that possession of child pornography "was meant as a gap-filling provision, targeting those who 'possessed' child pornography without having also 'received' the same child pornography," and that possession is generally considered a lesser-included offense of receipt). Accordingly, Grounds Two and Three of Adler's § 2255 Motion will be dismissed.

A. Ineffective Assistance of Counsel

Adler's remaining two claims allege constitutionally ineffective assistance of counsel. To sustain each of those claims, Adler must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing of both deficient performance by counsel and prejudice

5

to the defendant. Deficient performance occurs when "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Such a determination "must be highly deferential" with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Even if counsel's performance were deficient, to prevail Adler must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Evidence that "the errors had some conceivable effect on the outcome of the proceeding" is not enough; a reasonable probability requires that the errors are "sufficient to undermine confidence in the outcome." Id. at 693-94. In short, the errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Adler bears the burden of proving both deficient performance and sufficient prejudice in each of his ineffective assistance claims. Fields v. Att'y Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

### 1. Counsel's Alleged Failure to Discuss Defenses Before Guilty Plea

In Ground One, Adler alleges that counsel failed to discuss various defenses with him before he pled guilty, including "the inordinate delay in prosecution; the estoppel effect of the

6

government telling counsel the case was closed; and the lack of a computer or other technology by which the unlawful imagery could be transmitted." § 2255 Mot. at 5.

Adler's allegation is contradicted by the credible affidavits filed by his attorneys. Lead counsel Kristina Supler avers that she and other lawyers from her firm spoke with Adler regarding possible criminal charges over the course of four years, and that she had "extensive discussion with [him] regarding his legal rights and strategic options" during the seven weeks that Adler was in possession of the proposed plea agreement. Aff. of Kristina W. Supler ("Supler Aff."), ¶¶ 5-6, 18. In those conversations, Supler discussed the "essential elements of the possible offenses to be charged and available defenses to the Government's prosecution," including "the issue of pre-indictment delay and the strengths and weaknesses of arguments for dismissal of the prosecution based on this theory" as well as "the fact that the government's principal evidence against him consisted of CDs, seized from his residence, that contained contraband images and his credit card records." Id. ¶¶ 11-13. Supler also avers that she and Adler had "[e]xtensive discussions" regarding whether he should enter a pre-indictment guilty plea or proceed with further litigation, particularly in light of indications from the government that any indictment might include additional offenses and that if Adler pled guilty

7

after the filing of an indictment then the government would contest any additional one-point reduction for acceptance of responsibility in his sentencing guideline calculations. Id. ¶¶ 14-17. Local counsel Pleasant Broadnax, III confirmed meeting with Adler before his guilty plea and discussing "the nature of the government's evidence and potential questions the Court would ask during the Rule 11 colloquy." Aff. of Pleasant S. Broadnax, III ("Broadnax Aff."), ¶ 5.

Those affidavits are corroborated by the statements Adler made to the Court while he was under an affirmation to tell the truth during the Rule 11 plea colloquy, which must be accorded "a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."). During that colloquy, Adler expressly stated that he had discussed potential trial defenses with counsel:

> THE COURT: Have you had enough time to thoroughly discuss everything you know about this case with your counsel?
> THE DEFENDANT: I have, Your Honor.
> THE COURT: Have they discussed with you the nature of the charge and any ways in which you could possibly defend yourself against the charge?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Are you fully satisfied with the way in which counsel have represented you in this matter?

THE DEFENDANT: I am, Your Honor.

Plea Tr. at 21. The Court even instructed Adler that pleading guilty required him to give up any available defenses, including any argument as to pre-indictment delay:

> THE COURT: If you continued with a not guilty plea your counsel could try to attack the prosecution's case. Again, I don't know if there are any bases upon which that could be successful, whether the length of time between the activities and the actual filing of the information would be an issue. I don't know, but it's something they possibly could explore. Whether there were any problems with any searches that were conducted, those are the types of issues that can sometimes be successful in defending a case. The fact you need to understand is that by pleading guilty, you're giving up those types of attacks on the prosecution's case. Do you understand that?
> THE DEFENDANT: Yes, Your Honor.

Id. at 23-24. Finally, both Adler and counsel confirmed that Adler had carefully reviewed the plea agreement with his attorneys. See id. at 10-11, 27.

Even if there were not such strong evidence that counsel's performance was reasonable, the government correctly argues that Adler does not allege or provide any evidence that he would have rejected the government's advantageous plea offer and proceeded to trial absent any alleged errors by his counsel. Because Adler has not presented evidence that counsel's performance was deficient and has failed to allege prejudice, this ineffective assistance claim must be dismissed.

9

### 2. Counsel's Alleged Failure to Consult Regarding an Appeal

In Ground Four Adler alleges ineffective assistance because counsel "did not explain the consequences of failing to file a direct appeal," and states that "[i]f counsel had explained these I would have appealed." § 2255 Mot. at 9. Although an attorney is required to follow an unequivocal instruction by her client to file a notice of appeal even if the defendant waived his right to appeal, see United States v. Poindexter, 492 F.3d 263, 269-73 (4th Cir. 2007), Adler does not allege that he instructed either of his attorneys to file an appeal. Instead, he alleges that defense counsel was ineffective for not consulting with him about an appeal after his sentencing hearing.

Again, Adler's allegations are undermined by his attorneys' affidavits, which credibly represent that counsel did consult with Adler about his appeal rights before he entered his guilty plea. The plea agreement contained a clear waiver of appellate review, which Supler averred she reviewed with Adler along with "the appellate process, his appellate rights, and the implications of such a waiver." Plea Agm't ¶ 6; Supler Aff. ¶ 19.

Even if counsel did not consult with Adler regarding an appeal after he was sentenced, the record clearly shows that

such an omission would not have constituted deficient performance under Strickland. In Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000), the Supreme Court ruled that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." In interpreting Flores-Ortega, the Fourth Circuit has stated that "[i]n determining whether a rational defendant would have wanted to appeal, we consider important the facts concerning whether the defendant's conviction followed a trial or a guilty plea; whether the defendant received the sentence bargained for as part of the plea; and whether the plea expressly reserved or waived some or all appeal rights." United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010).

In this case, Adler has not presented any evidence that he expressed any interest in appealing to his counsel. Indeed, as both defense attorneys said in their affidavits, Adler expressed relief after his sentencing hearing that he received only the mandatory minimum sentence, was permitted to self-surrender, and would not be precluded from participating in school activities with his children as long as he disclosed his conviction to

11

school authorities. See Supler Aff. ¶¶ 24-26; Broadnax Aff. ¶¶ 8-9.

Moreover, the record reflects that there was no reason for his attorneys to think that a rational defendant would have wanted to appeal under the circumstances. Adler entered into an advantageous plea agreement in that he avoided potential indictment for other charges beyond the single count of receipt of child pornography, including an aggravated identity theft charge that would have exposed him to a mandatory two-year sentence to run consecutively to any other sentence he received. See Resp. at 9; Supler Aff. ¶ 17. Moreover, during the plea colloquy Adler was twice advised by the Court that as part of his plea agreement he was giving up the right to appeal his conviction and any sentence within the statutory maximum, which was 20 years. See Plea Tr. at 19, 24; see also Plea Agm't ¶ 6. Adler repeatedly indicated that he understood all those aspects of his plea agreement and also acknowledged that he had discussed the facts of the case, the plea agreement, the statement of facts, and sentencing possibilities with counsel, who had answered all of his questions to his satisfaction. See Plea Tr. at 10-12, 17-19, 21, 24, 27-28.

Moreover, at the sentencing hearing, the Court concluded that the advisory Sentencing Guidelines range was between 78 and 97 months imprisonment, but ultimately determined that a variant

12

sentence of 60 months was appropriate. See Sent'g Tr. at 3, 6-8. Adler was thus given a variant sentence below the applicable Sentencing Guidelines and at the lowest possible level for the offense at issue. Had he filed an appeal he would have been acting in breach of his plea agreement and the government could have cross-appealed the variant sentence, exposing Adler to a risk of a sentence increase to at least 78 months incarceration.

Given these circumstances, the Court finds that counsel adequately consulted with Adler about his appeal rights and did not fail to provide him with "reasonable professional assistance" as to those rights. Strickland, 466 U.S. at 689. Accordingly, this ineffective assistance claim will also be dismissed.

## IV. CONCLUSION

For the reasons stated above, Adler's § 2255 Motion will be dismissed with prejudice by an accompanying Order.

Entered this 6th day of June, 2013.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge